Attorney for the Debtor
Pia J. North, Esq. #29672
North Law
5913 Harbour Park Drive
Midlothian, VA  23112
Phone: (804) 739-3700
Fax: (804) 739-2550
Help@PiaNorth.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN re:  Charletta Hope Barringer-Brown,
Debtor                                                                                  Case#: 21-30645
                                                                                                Chapter 7

Debtor's Motion to Convert Case to Chapter 13

COMES NOW Charletta Hope Barringer-Brown, debtor, and shows the court as follows:

    1. Debtor filed a pro se petition for relief under Chapter 7 of the Bankruptcy Code on February 26, 2021.

    2. Upon speaking to an attorney, the debtor discovered that not only is she ineligible to receive a discharge in a Chapter 7 bankruptcy because she is over the median, but also, her principal residence is not exempt in Chapter 7.

    3. The debtor has regular income as a professor at Virginia State University and the ability to make payments in a Chapter 13 plan.  Although Ms. Barringer-Brown's unsecured debt of $644,240 exceeds the Chapter 13 debt limits, the unsecured debt is comprised of student loans $576,527; Priority unsecured debt of $2,947.37 and unsecured consumer debt of $64,713. The debtor will propose a plan to pay 100% of the unsecured priority and consumer debt in a Chapter 13 plan. The non-dischargeable student loan debt will be addressed in Section 6 of the plan: *"Mortgage loans.... other Long Term Payment Obligation whether secured or unsecured, to be continued upon existing contract term..."* . The debtor's student loans are currently in a forbearance and the repayment of such loans will remain deferred until the conclusion of the Chapter 13 plan.

4. The majority view in a line of cases holds that, *"the eligibility requirements of §109 (e) create a gateway into the bankruptcy process, not an ongoing limitation on the jurisdiction of the bankruptcy courts"*. In re Fishel, 583 B.R. 474, 475 (7th Cir. 2018); In re Glance, 487 F. 3d 317, 321 (6th Cir. 2007). The decision to convert or to dismiss a Chapter 13 case is a matter of discretion for the bankruptcy court. In re Handy, 557 B.R. 625, 628 (Bankr. N.D. III. 2016). It should be made on a case-by-case basis considering the best interest of creditors and the bankruptcy estate. In re Cutillo, 181 B.R. 13, 14 (Bankr. N.D.N.Y. 1995).

5. It is a recognized canon of statutory construction that "[j]udicial interpretation of a statute outside its literal terms is appropriate only when a literal application of the statute would lead to an absurd or unconstitutional result." In re Stuart, 297 B.R. 665, 668 (Bankr. S.D. Ga. 2003). This canon has been repeatedly applied by courts in deciding whether to exercise the discretion granted in determining whether to dismiss a case." *"Literal interpretation of the statute would lead to an absurd result. This debtor has no option. She is above-median income with disposable income available to pay creditors. Based on the facts here, she will not be able to rebut the presumption of abuse. …, the only other option would be the filing of a Chapter 11. Such a course would be absurd for this true consumer debtor. The Chapter 11 process is inordinately expensive and cumbersome for a consumer debtor. It would likely result in significant portions of the funds that would otherwise be available to creditors being paid in administrative expenses and U.S. Trustee quarterly fees."* Fishel at p6

6. The conversion is in the best interest of all creditors and the estate.

Wherefore, debtor prays for relief under Chapter 13.

                                            Respectfully submitted:
                                            Charletta Hope
                                            Barringer-Brown

                        By:    /s/ Pia J. North
                               Counsel

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN Re:  Charletta Hope Barringer-Brown,
Debtor                                                                                                  Case#: 21-30645
                                                                                                              Chapter 7

## Notice of Motion to Convert

Charletta Hope Barringer-Brown, the debtor has filed papers with the Court to convert the bankruptcy petition to a Chapter 13.

<u>Your rights may be affected</u>.  **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the Motion to Convert to a Chapter 13 or if you want the Court to consider your views on the motion, then on or before <u>include date 14 (fourteen) days from date of service</u>, you or your attorney must:

File with the Court, at the address shown below, a written response pursuant to Local Bankruptcy Rules 4001(a)-1(c) and  9013-1(H).  If you mail your response to the court for filing, you must mail it early enough so the Court will **receive** it on or  before the date stated above.  You must mail a copy of your response to the following:

| **Clerk of Court** | **Pia J. North, Esq.** | **U.S. Trustee** | **Bruce E. Robinson** |
|---|---|---|---|
| **U.S. Bankruptcy Court** | **5913 Harbour Park Drive** | **701 E. Broad St; Rm 4304** | **P.O. Box 538** |
| **701 E. Broad St; Rm 4000** | **Midlothian, VA 23112** | **Richmond, VA 23219** | **415 E. Atlantic Street** |
| **Richmond, VA 23219** | | | **South Hill, VA 23970−0538** |

Attend the preliminary hearing to be scheduled by the Clerk of Court, notice of which will be mailed at a later date.  **<u>If no timely response has been filed</u> opposing <u>the relief requested, the Court may grant the relief requested in the motion.</u>**

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion, and may enter an order granting that relief.

Date: March 22, 2021                                                                    /s/Pia J. North
                                                                                                       Pia J. North
                                                                                                       5913 Harbour Park Drive
                                                                                                       Midlothian, VA  23112
                                                                                                       (804) 739-3700

**Certificate of Service**

I hereby certify that on this <u>March 22, 2021</u>, I served the foregoing Motion to Convert and Notice of Motion to Convert by ECF,   electronic mail or first-class mail, postage pre-paid to: Bruce E. Robinson, P.O. Box 538, South Hill, VA 23970−0538, U.S. Trustee, 701 E. Broad Street, Room 4304, Richmond, VA 23219 and all creditors and parties in interest.

                                                                      <u>/s/ Pia J. North,</u>
                                                                      Pia J. North, Esquire

| | | |
|---|---|---|
| TransUnion<br>P.O. Box 2000<br>Chester, PA 19022 | Capital One<br>Attn: Bankruptcy<br>Po Box 30285<br>Salt Lake City, UT 84130 | Fedloan<br>Pob 60610<br>Harrisburg, PA 17106 |
| Certegy Check Services, Inc.<br>11601 Roosevelt Blvd.<br>Saint Petersburg, FL 33716 | Capital One<br>Attn: Bankruptcy<br>Po Box 30285<br>Salt Lake City, UT 84130 | Fedloan<br>Attn: Bankruptcy<br>Po Box 69184<br>Harrisburg, PA 17106 |
| ChexSystems<br>Attn: Consumer Relations<br>7805 Hudson Rd., Suite 100<br>Saint Paul, MN 55125 | Capital One Bank Usa N<br>Po Box 31293<br>Salt Lake City, UT 84131 | First National Bank<br>P.o. Box 3412<br>Omaha, NE 68197 |
| Experian<br>Dispute Department<br>P.O. Box 4500<br>Allen, TX 75013 | Ccbtodaycard/eds<br>Po Box 84032<br>Columbus, GA 31908 | First National Bank<br>Attn: Bankruptcy<br>Po Box 3128<br>Omaha, NE 68103 |
| Equifax Information Services<br>PO Box 740241<br>Atlanta, GA 30374 | Chase Card Services<br>Po Box 15369<br>Wilmington, DE 19850 | Marketplace<br>221 Main Street Suite 300<br>San Francisco, CA 94105 |
| TransUnion Consumer Relations<br>2 Baldwin Place<br>PO Box 1000<br>Chester, PA 19022 | Chase Card Services<br>Attn: Bankruptcy<br>Po Box 15298<br>Wilmington, DE 19850 | NPAS<br>PO Box 99400<br>Louisville, KY 40269 |
| Weimark Credit Information<br>PO Box 994<br>Brick, NJ 08723 | Citibank North America<br>Po Box 6497<br>Sioux Falls, SD 57117 | Paypal Credit<br>Attention: Bankruptcy Dept.<br>PO Box 5138<br>Lutherville Timonium, MD 21094 |
| Bon Secours<br>P.O. Box 404893<br>Sherman, TX 75092 | Citibank North America<br>Attn: Recovery/Centralized Bankruptcy<br>Po Box 790034<br>St Louis, MO 63179 | Richmond Ambulance Authority<br>2400 Hermitage Rd<br>Richmond, VA 23220 |
| Capio Partners, LLC<br>Attn: Bankruptcy<br>Po Box 3498<br>Sherman, TX 75091 | CJW Medical<br>PO Box 740760<br>Cincinnati, OH 45274-0760 | SCA Credit Svcs<br>Attn: Bankruptcy<br>1502 Williamson Road<br>Roanoke, VA 24012 |
| Capital One<br>Po Box 31293<br>Salt Lake City, UT 84131 | County of Chesterfield<br>Post Office Box 70<br>Chesterfield, VA 23832 | Syncb/PPC<br>Po Box 965005<br>Orlando, FL 32896 |

Syncb/PPC
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896


Upstart
2 Circle Star Way
San Carlos, CA 94070


Upstart
Attn: Bankruptcy
Po Box 1503
San Carlos, CA 94070


Wells Fargo Bank NA
Credit Bureau Dispute Resoluti
Des Moines, IA 50306


Wells Fargo Bank NA
1 Home Campus Mac X2303-01a
3rd Floor
Des Moines, IA 50328


Westlake Financial Services
4751 Wilshire Bvld
Los Angeles, CA 90010


Westlake Financial Services
Attn: Bankruptcy
Po Box 76809
Los Angeles, CA 90054